UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LUCY  GREATHOUSE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-337 |
| | § | |
| BATH & BODY WORKS, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**COMPELLING MEDICAL EXAMINATION OF PLAINTIFF**

Pending is Defendant Bath & Body Works, LLC's Motion to Compel Medical Examination of Plaintiff Lucy Greathouse.  (D.E. 18).  The pending motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636.  Having considered the motion, response, arguments of counsel, the applicable authorities, and for the reasons and with the stipulations set forth below, the motion is **GRANTED.**

I.      **BACKGROUND**

This is a personal injury, premises liability cause of action removed to this Court based on diversity jurisdiction.  (D.E. 1).  Plaintiff alleges she slipped and fell on Defendant's retail premises on May 23, 2013, and sustained serious bodily injuries. (D.E. 1-1).  In the pending motion, Defendant seeks to compel Plaintiff to submit to a medical examination by Defendant's medical expert. Plaintiff alleges her injuries may require surgery and that her future medical expenses will exceed $200,000.  Defendant disputes the extent of Plaintiff's injuries and questions the necessity of surgical

intervention.   Plaintiff disputes the necessity of the medical examination, arguing that Defendant has not established good cause and that Defendant's expert has a sufficient documented medical history of Plaintiff to formulate his opinions.   Plaintiff alternatively argues for certain limitations and guidelines for the medical examination if ordered by the Court.

## II.   DISCUSSION

Rule 35(a) of the Federal Rules of Civil Procedure provides:

**a)      Order for an Examination.**

      **(1)      In General.** The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

      **(2)      Motion and Notice; Contents of the Order.**

            The order:

            (A)      may be made only on motion for good cause and on notice to all parties and the person to be examined; and

            (B)      must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a).

Rule 35 empowers a court to order an independent medical examination of a party when (1) the party's physical or mental condition is in controversy; (2) the expert is either a physician or psychologist; and (3) good cause is shown.   *See Acosta v. Tenneco*

*Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990).   Plaintiff disputes that her physical and mental condition are in controversy.   However, Plaintiff's treating medical provider, Dr. Dennis Gutzman has recommended plaintiff undergo three surgeries. Defendant maintains it cannot evaluate these recommendations adequately without Plaintiff submitting to a medical examination by Defendant's expert.   Defendant's proposed independent medical examiner Dr. William E. Swan, Jr., is a qualified medical expert in the field of orthopedic surgery.   The examination would take place in Corpus Christi, which would be convenient to Plaintiff as she is a resident of Nueces County.

Plaintiff's medical condition and the necessity of future surgeries is in dispute. Defendant's expert is qualified and good cause exists to order an independent medical examination of Plaintiff by Defendant's expert.   The undersigned finds that no harm or prejudice will result by granting Defendant's motion.   However, as addressed during the hearing on the pending motion, the medical examination should comply with the requirements of Rule 35 and be limited in scope with the manner of the examination and other matters clearly defined.   Therefore, Defendant's Motion to Compel the Independent Medical Examination of Plaintiff is **GRANTED**.

It is further ORDERED that:

1. The medical examination of Plaintiff Lucy Greathouse shall take place on or before June 2, 2015 at a date and time agreed to by the parties.  If the parties cannot agree on a date, counsel for defendant will file a motion for the court to set the date and time.

2. The examination shall occur at the offices of Dr. William E. Swan, Jr. at 1521 South Staples Street, Suite 201, Corpus Christi, Texas, 78404.

3. Dr. Swan is the person who will perform the examination.

4. On or before **June 3, 2015,** counsel for Defendant will submit to counsel for Plaintiff a written explanation of the manner of the examination, including but not limited to the diagnostic tests to be conducted.   Plaintiff will file with the court any objections to the manner of the examination on or before **June 5, 2015**.  If the parties reach an agreement on the manner of the examination, Defendant shall file the agreed explanation of the manner of the examination with the Court on or before **June 8, 2015**.

5. Dr. Swan will conduct his examination in accordance with the parties' agreed explanation of the manner of the examination.  The examination will be performed in a manner consistent with medical and ethical standards for such examinations.  Dr. Swan's report and findings will be turned over to both Plaintiff's counsel and Defendant's counsel no later than **thirty days** from the date of the examination.  Other than disclosing the report and findings to counsel, the medical examination, findings and report shall be confidential. Dr. Swan may testify about his findings and opinions in proceedings before this court.

6. Provided Plaintiff Lucy Greathouse consents, one representative of Plaintiff may be present with Plaintiff during the examination.

7. Unless agreed to by the parties, the examination is limited to two hours in length.

8. Plaintiff is not required to complete an extensive medical history questionnaire as part of this examination, however, Dr. Swan may ask Plaintiff relevant questions pertinent to the examination of the injuries or medical conditions at issue in this case.

9. Defendant shall be responsible for the costs associated with the medical examination, including but not limited to diagnostic testing and Dr. Swan's fee.

10. Prior to the medical examination, Plaintiff's counsel will deliver a copy of this order to Plaintiff and  Defendant's counsel will deliver a copy of this order to Dr. Swan.

ORDERED this 27th day of May, 2015.

Jason B. Libby
United States Magistrate Judge